DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSEPH A. WIENDL,

Appellant,

v.

STEPHANIE R. WIENDL a/k/a
STEPHANIE HUGHES and JAMES
FREDERICK HUGHES,

Appellees.

No. 2D2023-2472

_____

January 10, 2025

Appeal from the Circuit Court for Hillsborough County; Melissa M. Polo, Judge.

Jason M Gordon, Cocoa Beach, for Appellant.

Stephanie R. Wiendl a/k/a Stephanie Hughes, pro se.

No appearance for remaining Appellee.

MORRIS, Judge.

Joseph A. Wiendl appeals two orders dismissing his third amended complaint with prejudice. We reverse the order dismissing the count against James Frederick Hughes, but we affirm the order dismissing the counts against Stephanie R. Wiendl.

The trial court's orders dismiss Joseph's third amended complaint with prejudice based on Joseph's failure to set forth sufficient facts to state his claims. But the orders do not specifically state a reason that the dismissal is with prejudice. *See Highlands Cnty. Sch. Bd. v. K.D. Hedin Constr., Inc.*, 382 So. 2d 90, 91 (Fla. 2d DCA 1980) (holding that "dismissal with prejudice cannot be justified" solely on the basis that the complaint failed to "allege sufficient ultimate facts" and that "[l]eave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable" (citing *Osborne v. Delta Maint. & Welding, Inc.*, 365 So. 2d 425 (Fla. 2d DCA 1978))); *see also Dziegielewski v. Scalero*, 352 So. 3d 931, 935 (Fla. 5th DCA 2022) ("As a general rule, refusal to allow amendment constitutes an abuse of discretion unless it appears that the privilege to amend has been abused, amendment would prejudice the opposing party, or amendment would be futile." (citing *Gage Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So. 2d 1132, 1135 (Fla. 5th DCA 1998))).

The third amended complaint was only Joseph's second attempt to allege his count against Hughes for tortious interference with a contractual relationship, and it is not clear that Joseph could not state a claim against Hughes or that Hughes would be prejudiced by an amendment. Therefore, the complaint as to Hughes should not have been dismissed with prejudice. *See, e.g., Kohn v. City of Miami Beach*, 611 So. 2d 538, 539 (Fla. 3d DCA 1992) ("While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion." (citations omitted)); *see also Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005) ("The cases that have recognized a court's discretion to deny amendment in

2

those circumstances concerned . . . a plaintiff's second (or subsequent) amendment . . . ."). However, this was Joseph's fourth attempt at setting forth counts against Stephanie; thus we cannot say that the trial court abused its discretion in dismissing his complaint with prejudice as to her. *See Kohn*, 611 So. 2d at 539 ("There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims." (citing *Feigin v. Hosp. Staffing Servs.*, 569 So. 2d 941 (Fla. 4th DCA 1990))).

Accordingly, we reverse the order dismissing the complaint as to Hughes and remand for the trial court to allow Joseph leave to amend. We affirm the order dismissing the complaint as to Stephanie.

Affirmed in part, reversed in part, and remanded.


KHOUZAM and BLACK, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.